REECE FOLDING MACH. CO. v. EARL & WILSON.

(District Court, N. D. New York. May 24, 1913.)

No. 69.

INJUNCTION (§ 58*)—GROUNDS—BREACH OF CONTRACT—ADEQUATE REMEDY AT LAW.

Complainant leased to defendant for use in its factory a number of machines covered by a large number of patents, under a license contract to continue during the term of the patents, unless sooner terminated by defendant on notice. In such contract defendant covenanted not to infringe any of the patents nor contest their validity or complainant's title thereto. *Held*, that complainant could maintain a suit in equity to restrain defendant from violating its covenant by making and installing machines of its own, which admittedly infringed a number of complainant's patents, and to recover damages for which would require a multiplicity of actions at law.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 111–113; Dec. Dig. § 58.*]

In Equity. Suit by the Reece Folding Machine Company against Earl & Wilson, a corporation. On demurrer to bill of complaint, which seeks to restrain by injunction the defendant from violating the terms and conditions of two certain leases and licenses for the use of certain patented folding machines. Demurrer overruled.

Rogers, Kennedy & Campbell, of New York City (Livingston Gifford and Donald Campbell, both of New York City, of counsel), for complainant.

Kerr, Page, Cooper & Hayward, of New York City (Thomas B. Kerr and Drury W. Cooper, both of New York City, of counsel), for defendant.

RAY, District Judge. The complainant, Reece Folding Machine Company, is a corporation of the state of Massachusetts engaged in the

business of manufacturing and leasing automatic machines for infolding edges of cloth blanks for collars, cuffs, and shirt bosoms. The defendant, Earl & Wilson, is a corporation of the state of New York, engaged in the manufacture and sale of collars, cuffs, and shirts in the city of Troy, N. Y.

Prior to March 12, 1910, the Reece Folding Machine Company had secured United States letters patent for 30 or more alleged inventions relating to automatic machines for infolding cloth blanks for collars, cuffs, and shirt bosoms. March 12, 1910, the Reece Company entered into a lease, license, and agreement whereby it leased and licensed to the Earl & Wilson company 31 specific collar band machines, and on the 7th day of April, 1910, the said Reece Company entered into another lease and license agreement whereby it leased and licensed to said Earl & Wilson 16 specified collar top machines. Each of these leases specifies by number all the patents relating to this art owned by the Reece Company, and each specifies by number the machines leased thereby. The lessor specifically agrees to keep and perform all the conditions of the lease and license, and specifies the consideration to be paid as rent for the machines, which consideration to be paid is measured by the work done on each machine. The third clause or subdivision of each of these leases or license agreements provides as follows:

"(3) The lessee shall not in any way violate or infringe or contest the validity of any of the patents under which he is hereby licensed, or the sufficiency of their specifications, or the validity of the title of the lessor to the said patents or any of them."

By subdivision 8 it is provided that in case the lessee shall cease to do business, or shall desire to terminate the lease and license, the lessor will cancel same on surrender of the machines in good condition. By paragraph 7 of such lease or agreement it is provided that the machines are to remain the sole and exclusive property of the lessor and that—

"if the lessee at any time refuses or neglects to perform or violates any of the conditions or covenants of this or any other lease or license now or hereafter existing between the parties hereto, the lessor shall have the right to terminate this and any and all other leases and licenses then existing between the parties hereto by giving written notice that it has elected so to do," etc.

These leased machines were delivered to Earl & Wilson, which corporation has used them ever since and is now using them. The defendant has paid the consideration. After the execution of these leases the defendant corporation, Earl & Wilson, caused to be constructed a machine for the infolding of collars, cuffs, etc., for which it obtained United States letters patent, and the defendant has constructed at least 21 of these machines and is now using them in its factory at Troy, N. Y., side by side with the said leased machines, and has thereby not only largely extended and increased its business, but has made it unnecessary, as incidental to this increase of business, to lease more machines of the complainant's manufacture.

The complainant alleges that these machines so constructed by the defendant and put in its factory at Troy, N. Y., infringe at least

eight of its patents above referred to and specified in the said leases and license agreements, and that the complainant by reason of said infringement is greatly damaged and injured, and in appropriate language that defendant threatens to continue such violation of the aforesaid license agreements, and that it has and will suffer large damages and injury and large losses of profits and royalties, and that such violations of such leases or license agreements will occasion irreparable damage to the complainant and its business by the example and encouragement set to other lessees to violate their leases and to other manufacturers to infringe the said patents, and that such damages would be incapable of adequate measurement, and that unless the said violations of the said leases and licenses by such infringements of the patents is enjoined by the court the complainant will suffer great and interminable injury, and be put to the expense and trouble of a multiplicity of successive and numerous suits at law for recovery from the said defendant of the damages occasioned by the unlawful acts alleged. In short, the complainant alleges a violation of these leases and license agreements by infringement of the patents and the use of an infringing machine made by the defendant, and also alleges as a ground for injunctive relief that such relief is necessary to prevent a resort to a great number or multiplicity of actions at law, and also that the damages sustained are and will be incapable of adequate measurement.

To this bill of complaint the defendant interposes a demurrer on the grounds: (1) That the facts stated do not show such a cause of action as entitles the complainant to injunctive relief; and (2) that it appears on the complainant's own showing that it has full, complete, and adequate remedy at law.

It goes without saying that if the complaint shows on its face that a multiplicity of actions will be unnecessary, and that the complainant has full, complete, and adequate remedy at law for the injuries complained of, the action cannot be sustained as one in equity for injunctive relief. Nothing is better settled than that contracts will not be enforced by injunction when the injured party has full, complete, and adequate remedy at law for the breach thereof.

To make out a cause of action, the complainant will be compelled to prove that the defendant has violated subdivision 3 of these leases by infringing one or more of the patents specified therein. By the terms of these leases or license agreements, same are to run during the life of all the patents, to wit, for the term of 17 years.

Whether the defendant infringes one or more of the complainant's patents specified in the lease, it has the right at any time to end the lease and agreement by returning the machines to the Boston office of complainant in good condition, on payment of all sums earned by such machines up to that time, on giving the notice required. If the defendant infringes one or more of these patents, the complainant may bring and maintain an action at law to recover damages for such infringement, or the complainant may bring an action in equity for an injunction restraining such infringement, and as incidental thereto ask and have an accounting for damages and profits.

Under clause 3 of these leases or license agreements Earl & Wilson assumed no greater obligation to the complainant than they were already under in so far as infringement of the patents is concerned. License or no license, agreement or no agreement, the law imposes upon Earl & Wilson the obligation not to infringe either of the patents mentioned. Clause 3 goes further than this, and binds Earl & Wilson not to contest the validity of either of said patents, or the sufficiency of their specifications, or the validity of the title of the Reece Company thereto. There is no charge in the bill of complaint in this suit that any action or suit has been brought for infringement of either of said patents, and that the defendant is violating the agreement by contesting the validity of either of said patents or the sufficiency of their specifications or the validity of the lessor's title thereto. The lessor seeks in this action to restrain the lessee from violating a negative covenant that he will not infringe certain patents under and in accordance with which the complainant has made certain machines, which machines have been leased to the defendant, the licensee, and which licensee is now using them under and pursuant to the lease or license.

If this suit can be maintained, and if clause 3 is binding, then on the trial, when it appears, if it does appear, that the defendant is infringing either of said patents under which it has licensed the defendant, the defendant will be precluded from contesting the validity of such patent, or the sufficiency of the specifications thereof, or the title of the lessor of such patent.

The demurrer admits the infringement of eight United States letters patent, which defendant has agreed not to infringe and the validity of which it has agreed not to contest. The consideration was a license to use the machines made under these patents and which license is in force, and the defendant is using the machines under the license. Why is not this a case for injunctive relief? Infringement is conceded. The letters patent are presumed to be valid in the first place, and defendant, so long as it operates under the licenses, has agreed not to contest the validity of the patents or the sufficiency of the specifications. Must the complainant be driven to eight separate actions to restrain these infringements, or may it be done in one action? It is true that ordinarily courts will not interfere by injunction to enforce contracts. But there are many cases where this is done, and should be done. In General Electric Company v. Westinghouse Electric Company (C. C.) 151 Fed. 664, this court considered this subject, with the aid of most able counsel on each side, and I cannot add anything of value to the discussion there presented. I think the court has power to grant injunctive relief in such a case as this, if the proofs sustain the allegations.

The demurrer is overruled, but defendant may answer in 30 days.