FREEMAN et al. v. NEW JERSEY PORTLAND CEMENT CO.

(District Court, N. D. New York.  September 16, 1913.)

1. MINES AND MINERALS (§ 70*)—LEASE OF MINE—REMOVAL OF PROPERTY—
  ASSIGNMENT OF LEASE—RIGHTS OF ASSIGNEE.

  Where a lease of mining property binding the successors and assigns
  of the respective parties authorized removal of property placed on the
  leased premises by the lessee only in case there were no arrearages of
  royalty or taxes, on the termination of the lease, a covenant between
  the lessee and its assignee, to which the landlord was not a party, that
  the assignee should not be bound by such covenant, did not affect the
  landlord's right to insist that the personal property placed on the land
  by the tenant and the assignee should remain until it was determined
  whether there was royalty or taxes in arrears.

  [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 192–
  197 ;  Dec. Dig. § 70.*]

2. MINES AND MINERALS (§ 70*)—LEASE OF MINE—REMOVAL OF PROPERTY—
  ROYALTY—INJUNCTION.

  Where defendant, a foreign corporation, and having no property in New
  York, except certain property on land held under an assigned lease pro-
  viding for removal of such property only in case there were no arrearages
  of royalties or taxes at the end of the term, the landlord was not re-
  quired to resort to attachment to retain the property within the juris-
  diction pending a determination of the question whether there were ar-
  rearages of royalties and taxes unpaid, but was entitled to relief by in-
  junction.

  [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 192–
  197; Dec. Dig. § 70.*]

Action by Eliza J. Freeman and another against the New Jersey
Portland Cement Company.  On motion to vacate or modify an order,
granted by a Justice of the Supreme Court of New York prior to
removal of the cause, restraining defendant from removing certain
of its property from a mine in St. Lawrence county owned by plain-
tiffs, in alleged violation of the lease.  Denied.

Joseph F. Brown, of Canton, N. Y., for the motion.
Sturtevant & Abbott, of Gouverneur, N. Y., opposed.

RAY, District Judge.  In April, 1912, the plaintiffs, Eliza J. Freeman
and Frank N. Freeman, who are the owners of a mine on premises
owned by them in the county of St. Lawrence, N. Y., leased said mine,
with certain privileges, to the North American Selling Company of the
City of New York, and June 3, 1912, the said company assigned said
lease and its rights thereunder to the defendant, a corporation of the
state of New Jersey, which has no property in the state of New York,
except that hereafter mentioned, and said defendant corporation en-
tered on said premises and in said mine, and placed  therein certain
property and machinery for the purpose of operating said mine, which
for a time it did.  The plaintiffs claim that there is due them under
the terms of such lease from the defendant the sum of $4,000, and
this action is brought, not only to recover such sum, but to enjoin

the removal of the property referred to, in violation of the express terms and covenants of the lease so assigned to the defendant not to remove same in certain events, and under which it operated, and which defendant threatens to do. The said lease contains this clause:

"Further understood that second party, whenever this lease is terminated and for whatever reason, is to leave all supports and timbers, ladders, stairs, steps, and tracks used for or furnishing means of access, ingress, or egress in and from said mine, to be absolutely the property of the party of the first part. Party of the second part also gives party of the first part the privilege of purchasing any and all buildings, tools, railroad ties, railroad iron, and any and everything used in connection with said mine at the termination of this lease, upon party of first part giving party of second part 90 days' notice of their intention so to purchase, and in case party of the first part does not elect to so purchase, second party is to have a reasonable time to remove the same upon the termination of this lease, providing there is no arrearages of royalty or payment of taxes; otherwise same are not to be removed without the consent of the party of the first part."

Also the following:

"And it is further agreed that this agreement shall bind the heirs, personal representatives, successors, and assigns of the respective parties."

[1] It seems to me very clear that the parties to the lease intended that the personal property placed in the mine by the lessee should remain there as a security for the payment of the rents or royalties due the plaintiffs under the terms of the lease. The defendant here claims that, when it took an assignment of the lease from the North American Selling Company, it was stipulated that it should not be bound by these covenants; but, as I view the matter, this would not affect the rights of the plaintiffs, unless they became parties to such an arrangement, which would operate as a modification of the lease. The papers before me do not establish such modification so far as the plaintiffs are concerned. Whether or not the defendant company is indebted to the plaintiffs, and, if so, in what sum, is to be determined on the trial of the action. This court should not assume to determine that question on a motion, where, as here, the affidavits are in conflict.

[2] The covenant in the lease not to remove the property is in the nature of a negative covenant. The defendant bound by the terms of the lease was not to remove this property in case there was default in the payment of royalties or taxes by the defendant, except with the consent of the plaintiffs. It seems to me clear that plaintiffs have the right to insist on the observance of this condition, and enjoin the removal of such property, until it is determined on the trial of the action that no arrearages of taxes and royalties exist. Otherwise, the covenant is of no benefit to the plaintiffs.

I think the plaintiffs have the right to insist that this property shall remain where it is until it is determined on a trial that they have no claim for royalties or unpaid taxes, and are not compelled to resort to an attachment in order to retain the property within the jurisdiction of this court. Here is a remedy provided by the parties themselves, and I do not think this court has any right to disregard it. Clearly it was not contrary to any law to insert such a

provision in the lease. This court has held that it has power to restrain by injunction a covenant not to infringe a patent granted to and owned by the plaintiff; a license to use the patented article having been granted the defendant, accompanied by a covenant on its part not to infringe. In such case the plaintiff could sue at law for damages for the infringement and recover. General Electric Company v. Westinghouse Electric Company (C. C.) 151 Fed. 664; Reece Folding Machine Company v. Earl & Wilson (D. C.) 205 Fed. 539.

With such a provision in the lease given and accepted by the defendant, and under which it operated, and which provision was evidently inserted for the protection and security of the plaintiffs, can it be that the court is without power to compel by injunction the retention of this property within the jurisdiction of the court, the defendant having no other property here, and when they obtain a judgment, if they do, make it unnecessary for plaintiffs to pursue the defendant into the state of New Jersey? I am not prepared so to hold. This is not a case to restrain the violation of a contract, when the violation thereof would result in damages for which suit may be brought and judgment recovered and enforced in due course and in accordance with well settled practice, but one where a provision is deliberately inserted in the lease for the protection of the lessors and security to them, and the violation of which provision will deprive them of that security. In such case equity may and ought to interfere and prevent the removal of the property, in effect pledged as security from the jurisdiction of the court. If equity in such a case is powerless, then it is a sham. There might be a remedy at law by going into the state of New Jersey and there bringing suit; but it would not be an adequate remedy, and to deny relief by injunction would be to disregard the covenants of the parties. The equitable remedy by injunction is much more full and complete and adequate.

This action may be speedily tried and the rights of the parties determined.

Motion denied.